UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAWUD C. S. GABRIEL,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN EXPRESS TRUCKING COMPANY,<br><br>    Defendant. | Case No. 3:22-cv-00288<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## **MEMORANDUM ORDER**

Before the Court in this action brought under Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117, is pro se Plaintiff Dawud C.S. Gabriel's motion for an extension of time to effect service under Federal Rule of Civil Procedure 4(m). (Doc. No. 11.) Gabriel asks the Court to extend the service deadline from July 19, 2022, until December 1, 2022, so that Gabriel can amend his complaint and retain counsel. (*Id.*) For the reasons that follow, that motion will be denied in part without prejudice and granted in part.

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a

defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011).

In determining whether good cause exists to extend the deadline for service, the Court must balance Rule 4(m)'s stated purpose of "reduc[ing] delay at the beginning of litigation[,]" Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment, with the desire to resolve Gabriel's claims on the merits. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed. updated Apr. 2022). The Court is also mindful that Rule 4(m) "must be construed leniently with regard to *pro se* litigants such as [Gabriel]." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (interpreting what was then Rule 4(j)); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (discussing *id.*) Gabriel may demonstrate

good cause by showing that he "made a reasonable and diligent effort to effect service." *Habib*, 15 F.3d at 74.

Gabriel has not met his burden of showing good cause here. The Court informed Gabriel at the outset of the litigation that he is responsible for serving process on each defendant in accordance with the Federal Rules of Civil Procedure and pointed him to resources for accomplishing service. (Doc. No. 9.) But the docket reflects that Gabriel has not requested a summons for the defendant or made any effort to effect service. *See Brogdon v. U.S. Dep't of Agric.*, No. 06-2314, 2006 WL 3246037, at *1 (W.D. Tenn. Nov. 7, 2006) ("Failure to disclose any effort, even a minimal one, to effect timely service makes for an insufficient showing of good cause."). Gabriel's intent to file an amended complaint and retain counsel does not eliminate his obligation to effect service in accordance with the Federal Rules of Civil Procedure. *See Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (holding that plaintiff's "desire to amend his complaint before effecting service does not constitute good cause" and noting that, under Rule 15(a), plaintiff "could have amended the original complaint after serving it upon the defendants"); *cf. Self v. Autoliv, ASP*, 80 F. App'x 72, 73 (10th Cir. 2003) (holding that denial of motion for appointment of "counsel in a civil case does not constitute 'good cause' under Rule 4(m)").

However, recognizing Gabriel's pro se status and his efforts in filing the motion to extend the service deadline, the Court finds that a short extension of the service deadline is warranted. The Court will exercise its discretion to extend the deadline to complete service by 28 days.

Accordingly, Gabriel's motion for an extension of time (Doc. No. 11) is DENIED WITHOUT PREJUDICE IN PART and GRANTED IN PART. The deadline to effect service under Rule 4(m) is EXTENDED to August 16, 2022. Gabriel must make a reasonable and diligent effort to effect service in that time.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge