UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAWUD C.S. GABRIEL, <br><br> Plaintiff, <br><br> v. <br><br> WESTERN EXPRESS TRUCKING COMPANY, <br><br> Defendant. | Case No. 3:22-cv-00288 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

The docket shows that pro se Plaintiff Dawud C. S. Gabriel has not effected service of process on Defendant Western Express Trucking Company (Western Express), the only defendant in this action. For the reasons that follow, the Magistrate Judge will recommend that the action be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

**I.     Factual and Procedural Background**

Gabriel initiated this action on April 20, 2022, by filing a complaint alleging that Western Express violated Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111–12117, by discriminating against him on the basis of his Attention Deficit and Hyperactivity Disorder. (Doc. No. 1.)

In an order referring this case to the Magistrate Judge, the Court informed Gabriel that he "is responsible for effecting service of process on [Western Express] in accordance with Federal Rule of Civil Procedure 4" and that "[f]ailure to timely complete service of process will result in

dismissal of this action." (Doc. No. 9, PageID# 307.) The Court also directed Gabriel to the Court's online resources for pro se litigants. (Doc. No. 9.)

On June 7, 2022, Gabriel filed a motion for an extension of time to effect service, asking the Court to extend the July 19, 2022 service deadline until December 1, 2022, so that Gabriel could amend his complaint and retain counsel. (Doc. No. 11.) The Court found that Gabriel had not met his burden of showing good cause to extend the service deadline because his "intent to file an amended complaint and retain counsel does not eliminate his obligation to effect service in accordance with the Federal Rules of Civil Procedure." (Doc. No. 14, PageID# 365.) The Court granted the motion for an extension in part, "recognizing Gabriel's pro se status and his efforts in filing the motion to extend the service deadline," and exercised its discretion under Rule 4(m) to extend the service deadline to August 16, 2022. (Doc. No. 14.) The Court warned Gabriel that he "must make a reasonable and diligent effort to effect service in that time." (*Id.* at PageID# 366.)

When August 16, 2022, passed and Gabriel had still not requested a summons for Western Express or made any effort to effect service, the Court issued an order requiring Gabriel to show cause by September 29, 2022, why the action should not be dismissed under Rule 4(m) for Gabriel's failure to effect service of process. (Doc. No. 20.) The Court warned Gabriel "that failure to comply with this Order to Show Cause will likely result in a recommendation that this action be dismissed." (*Id.* at PageID# 408.)

Gabriel responded to the show-cause order, arguing that the Court's show-cause order is "illegal" because he never consented to a referral to the Magistrate Judge.[1] (Doc. No. 21,

---

[1] Gabriel argued in previous filings that the Court's order referring this action to the Magistrate Judge (Doc. No. 9) is illegal. (Doc. Nos. 12, 15–18.) The Court found that Gabriel's argument is "without merit" (Doc. No. 19, PageID# 405), explaining that, while a Magistrate Judge "may not *enter judgment* in a case without express consent from the parties . . . Magistrate Judges may handle non-dispositive and pretrial matters, as well as file Reports and

PageID# 409.) Gabriel argues that, even if the show-cause order is legal, good cause exists not to dismiss this action under Rule 4(m) because he is an appellant in another civil action pending before the U.S. Court of Appeals for the Tenth Circuit and he therefore has not had time to amend his complaint or retain counsel in this action. (Doc. No. 21.)

There is no indication that Gabriel has effected service of process on Western Express, and Western Express has not appeared in this action.

**II. Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the

---

Recommendations regarding dispositive motions . . . '*without the parties' consent*'" (Doc. No. 13, PageID# 362).

plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

### III. Analysis

Gabriel has not demonstrated good cause for a further extension of time to complete service under Rule 4(m). The Court has repeatedly reminded Gabriel that he is responsible for serving process on Western Express in accordance with the Federal Rules of Civil Procedure and warned him that failure to timely effect service will likely result in the dismissal of this action. (Doc. Nos. 9, 14, 20.) The Court also pointed Gabriel to resources for accomplishing service (Doc. No. 9) and exercised its discretion to extend the time for Gabrial to achieve service (Doc. No. 14).

The docket reflects that Gabriel still has not taken the first step of requesting a summons for Western Express or made any other efforts to effect service. Gabriel's contention that the order to show cause was "illegal" because he did not consent to referral to a magistrate judge (Doc. No. 21) is without merit for the reasons articulated in the Court's prior orders (Doc. Nos. 13, 19). As the Court previously explained, "Magistrate Judges may handle non-dispositive and pretrial matters, as well as file Reports and Recommendations regarding dispositive motions" without the parties' consent. (Doc. No. 13, PageID# 362.) Further, the Court has already explained to Gabriel that his plan to amend his complaint and retain counsel does not constitute good cause under Rule 4(m) because his "intent to file an amended complaint and retain counsel does not eliminate [Gabriel's] obligation to effect service in accordance with the Federal Rules of Civil Procedure." (Doc. No. 14, PageID# 365.)

A further discretionary extension of the service deadline is not appropriate in considering the seven relevant factors that the Sixth Circuit articulated in *Oakland Physicians Medical Center, LLC*, 44 F.4th at 568–69. The second and sixth factors—potential prejudice to the defendant and whether the plaintiff appears pro se—weigh in favor of granting Gabriel a discretionary extension. There also is no indication that Western Express would be unduly prejudiced by a further extension

to allow service. Examples of prejudice include "a defendant's inability to present a full and fair defense on the merits due to a loss of records, the death of a witness, or the unreliability of memories of long past events[.]" *Id.* at 571 (quoting *Nartron Corp. v. Borg Indak, Inc.*, 848 F. Supp. 2d 725, 748 (E.D. Mich. 2012)). The events at the center of Gabriel's claim are relatively recent; his complaint alleges that the discriminatory acts occurred in October and December 2020 and January 2021. (Doc. No. 1.)

The fourth factor—substantial prejudice to the plaintiff—is neutral because it is unclear whether Gabriel's claim would be time-barred if he re-asserted it in a new action. The ADA requires plaintiffs to file discrimination charges with the Equal Employment Opportunity Commission (EEOC) before filing suit in federal court and provides that a plaintiff has 90 days from the date he or she receives a right-to-sue letter from the EEOC to file suit. *See* 42 U.S.C. § 12117(a); *id.* § 2000e–5(e)(1), (f)(1). Gabriel alleges that he filed an EEOC charge on September 30, 2021, and he has attached a copy of his EEOC charge to his complaint. (Doc. No. 1.) However, Gabriel's complaint does not allege that he received a right-to-sue letter from the EEOC. The Court therefore cannot determine from the face of the complaint whether Gabriel's claim would be time-barred if he re-asserted it in a new action.

The remaining factors weigh against granting a discretionary extension. An extension of time would be well beyond the 90-day time period for service under Rule 4(m), as more than 350 days have passed since Gabriel initiated the action. (Doc. No. 1.) There is no indication that Western Trucking has actual notice of this lawsuit. And there is no indication that Gabriel made a good faith effort to serve Western Trucking even though the Court has explained Gabriel's responsibility for effecting service of process (Doc. Nos. 9, 14), granted one discretionary extension of the service deadline (Doc. No. 14), and provided Gabriel with an opportunity to

6

Case 3:22-cv-00288   Document 23   Filed 04/13/23   Page 6 of 7 PageID #: 430

explain why the Court should again extend the time for him to effect service of process rather than dismiss his claim (Doc. No. 20).

The fact that Gabriel appears pro se does not excuse his failure to comply with the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Gabriel has not effected service on Western Trucking in compliance with Rule 4 and this Court's orders despite ample time to do so, notice that failure to do so may result in dismissal, and an opportunity to show good cause to excuse his failure, dismissal without prejudice under Rule 4(m) is appropriate.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 13th day of April, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge