IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAWUD C.S. GABRIEL,               )
                                  )
            Plaintiff,            )
                                  )
    v.                            )
                                  )  NO. 3:22-cv-00288
WESTERN EXPRESS TRUCKING          )
COMPANY,                          )  JUDGE RICHARDSON
                                  )
            Defendant.            )
                                  )
                                  )
                                  )

**MEMORANDUM OPINION AND ORDER**

Pending before the Court[1] is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 23) to dismiss *pro se* Plaintiff Dawud C.S. Gabriel's complaint (Doc. No. 1)[2] for failure to effect service of process[3] on Defendant, Western Express Trucking Company. For the reasons stated herein, the Court will adopt the R&R, and the complaint will be dismissed without prejudice.

PROCEDURAL BACKGROUND

On April 20, 2022, Plaintiff filed the instant action against Defendant. (Doc. No. 1). Several months later, on June 7, 2022, Plaintiff filed a motion (Doc. No. 11) for an extension of time to effectuate service of process on Defendant, which the Magistrate Judge granted in an order (Doc. No. 14) that extended the deadline for service on Defendant to August 16, 2022. On September 15, 2022, the Magistrate Judge ordered Plaintiff to show good cause as to why service had yet to

---

[1] Hereinafter, "the Court" refers to the undersigned district judge, as distinguished from the Magistrate Judge who issued the Report and Recommendation.

[2] No amended complaint has been filed, and therefore the complaint at Doc. No. 1 is the operative pleading.

[3] The Court uses the terms "effectuate service" and "complete service" interchangeably.

be completed. (Doc. No. 20, "Show Cause Order"). Plaintiff then filed a response to the Show Cause Order on September 20, 2022.

On April 13, 2023, the Magistrate Judge issued an R&R recommending dismissal of the complaint without prejudice for lack of service. (Doc. No. 23). Plaintiff filed objections to the R&R on April 28, 2023 (Doc. No. 24). As of the date of this opinion and order, service of process has not yet been effectuated.

LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). "Parties cannot 'raise at the district court stage new arguments or issues that were not presented' *before* the magistrate judge's final R&R." *See Meddaugh v. Gateway Financial Service*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the Report and Recommendation, the objections, and the file. For the reasons stated herein, the Court overrules Plaintiff's objections and adopts and approves the Report and Recommendation.

DISCUSSION

The R&R recommends that the Court dismiss Plaintiff's complaint without prejudice under Federal Rule of Civil Procedure 4(m). (Doc. No. 23 at 5). Federal Rule of Civil Procedure 4(c) states that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c). Rule 4(m) further explains that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . .

Fed. R. Civ. P. 4(m). "[I]t is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. Of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002) (internal quotations marks omitted). In this action, the Magistrate Judge on her own initiative issued the R&R recommending dismissal pursuant to the procedure provided in Rule 4(m).

As the R&R points out, Defendant has not been served within 90 days of the filing of the complaint, nor has Defendant been served in a timely manner pursuant to the extension provided by the Magistrate Judge. (Doc. No. 23 at 1–3). The R&R further finds that Plaintiff has not shown good cause as to why service has not yet been effectuated. (*Id.* at 5). Although Plaintiff airs many grievances in his objections,[4] he does not specifically object to the Magistrate Judge's finding that

---

[4] Rather than providing meritorious arguments regarding the issues discussed (and recommendations made) in the R&R, Plaintiff spills a significant amount of ink in his objections arguing that the role of the Magistrate Judge in this action is unlawful. (Doc. No. 24). However, whether the Magistrate Judge is acting in a lawful capacity in this case—which the Court is confident that she is—has no bearing on whether Plaintiff has failed to effectuate service.

Plaintiff has failed to show good cause as to why Defendant has yet to be served more than a year after the complaint was filed. The Court therefore need not independently consider whether Plaintiff did in fact show good cause and instead may adopt the recommendation of the R&R on this issue. Given that service has yet to be completed and that Plaintiff has not shown good cause for this failure, the Court is satisfied that, consistent with the recommendation of the Magistrate Judge, the complaint should be dismissed without prejudice.

Plaintiff's request for a summons does not save this action from dismissal without prejudice. Although Plaintiff properly requested a summons from the Clerk's office (Doc. No. 25), he has not yet *served* Defendant and thus has not yet satisfied the service requirements of Rule 4(m) or Rule 4(c). Notably, although Plaintiff's *pro se* status affords him some leniency in prosecuting this action, he must still comply with the requirements of Rules 4(c) and (m).

In summary, given that Plaintiff has yet to effectuate service and that the deadline for service as long passed, the Court agrees with the recommendation in the R&R to dismiss the complaint without prejudice. The Court therefore shall overrule Plaintiff's objections and adopt Magistrate Judge's Report and Recommendation. (Doc. No. 23).

## CONCLUSION

For the reasons discussed herein, Plaintiff's objections are overruled, and the Court ADOPTS the Magistrate Judge's Report and Recommendation to dismiss Plaintiff's complaint without prejudice. (Doc. No. 23). The complaint at Doc. No. 1 is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE